1-238 RING & PINION SERVICE v. ARB Mr. Beyer, you may proceed. Determining whether a structure is equivalent to a claim element is a question of fact. Randy's RING & PINION admitted that the accused product included the equivalent of the only if there was no foreseeability bar. Are you arguing today that there is a foreseeability exception for the doctrine of equivalence? I am not. You are happy with how that issue got resolved. You believe the district court got it correct when he said and a couple of other things, but not a general exception. That's correct. Although the district court correctly concluded there is no foreseeability bar, the district court incorrectly applied claim vitiation. Do you think the district court should have been bound by the stipulation? Yes, the stipulation and the omission. Did you tell the district court about the stipulation when he called for supplemental briefing? We didn't mention the stipulation in the supplemental briefing. But the other side? That's correct. So the district court knew about the stipulation because the other side, in its response to the request for supplemental briefing, said right up there on the first page that R&P admits that the accused differential is the equivalent. That's correct. The district court was also aware of the stipulation. We filed the stipulation with the district court. But you didn't tell the district court, sir, excuse me, if you decide against this argument on the foreseeability, that case is over because of the stipulation. That's correct. We made the argument based on the omission from the briefing, which the stipulation simply... I know, but even if you end up winning in this case, you let this district court get off stray. And the reason you let him go astray was by not pointing out to him that vitiation is a subset of the very issue they stipulated to. You let this district court believe, by not pointing out to him to the contrary, that this was a different issue that he should have raised. And so you might be right on all the issues you're arguing, but quite frankly, part of the reason you're here is probably because you didn't make it clear to him that he shouldn't go there, that vitiation is something contained within this stipulation. Well, he might have disagreed with you. He might have. I mean, you might have said, look, look, Your Honor, I got a stip here. It's a question of fact. All vitiation is going to do is go back and look at whether there was or was not infringement and make a legal conclusion that maybe there would be vitiation if you answered the question one way. Because he could have said, no, I think I'm wrong. I think I don't give a damn about what your stipulation was. I think I have the authority to mow down the stipulation, in essence, because that's what he did in his decision. He simply took the stip and flipped it on his head because the stip said, excuse me, there is infringement, and he said, excuse me, no reasonable juror could find on fact that there is infringement. And the stipulation merely memorialized the admissions in the briefing. During the briefing, ARB filed an expert report explaining under both tests for equivalence that the accused product was equivalent. The stip was filed on January 9th, I believe. I've got a copy. It dated January 9th. I'll trust you on the date. The stipulation was filed after the close of summary judgment briefing, summarizing all of the admissions in that briefing. But before the supplemental briefing? That's correct. That's correct. So in the supplemental brief we explained to the district court the identical argument we're making today, which is that because the patentee admitted, I'm sorry, the defendant admitted that the accused product included the equivalent of the only disputed claim element, claim vitiation was inapplicable. Claim vitiation is merely the conclusion that no reasonable juror could find the accused product. But we've labeled vitiation a question of law, haven't we? We've said it's a legal determination, I believe, is the word. That's right. But what it's not is an exception to the factual conclusion. But if it's a legal determination, can parties step away the authority of a judge to make a legal decision? So the legal decision is whether a reasonable juror can reach a particular conclusion, where the parties agree that the fact is that the accused element was equivalent to the claim limitation. Well, I think your answer would be yes, Your Honor. Where a district court judge, in making a purely legal decision like statutory construction or claim construction, the parties can't step that away. That's correct. A stipulation, we know a stipulation as to a legal conclusion isn't binding on a district court judge. But I suppose your argument is here that where the stipulation, where the only way the judge can reach a legal determination is to flip, as you say, to destroy the step, that that is impermissible. Right. As here, the stipulation was to the underlying facts. And so the issue of whether or not there is a bar against all foreseeable equivalences foreclosed by a couple lines of precedent and policy counsels against it. Randy's argues that all claims, whether amended or original, should suffer a bar against foreseeable equivalence. This directly contradicts the Supreme Court's analysis in Festo. Under Festo, there's three situations in which an amended claim still is entitled to a scope of equivalence for foreseeable alternatives. For example, if the claim amendment was unrelated to patentability, that amended claim can still cover foreseeable equivalence. If the amendment was made for a reason only tangential to the equivalence in question, that amendment can cover foreseeable equivalence. I'm not telling you you can't use all your argument time, but is there any more to your appeal here than your argument that the district court should have been bound by the stipulation? What else do you have to argue here in front of us other than to say that it was incorrect for the district court to entertain a vitiation analysis because in the process of doing so, he erased the factual stipulation and factual stipulations can't be erased? That and the omissions in the briefing and the evidence in the briefing below all supported stipulation. So if we ignore the stipulation, the briefing itself. I mean, even if there's nothing in it, you can have a stipulation based on nothing but the stip. Right. I mean, you can have a complaint file, you know, this case could have gone off on the complaint file, the infringement of the document of equivalence, the guy comes in and says, I'll stipulate to infringement, but I have a defense, namely foreseeability. I mean, I'm just trying to get my hands on whether... We're just wondering if there's anything else or do we understand the case. I'm going to listen to what the rest of you have to say. If we understand the case, maybe you don't want to stand there anymore. I think you understand the case. May I reserve the rest of my time? I think that's a great idea. We'll hear from A.R. I didn't mean to rush you, but I think we know what your case is. Mr. Graham. Good morning, Your Honor. It's me. Please record. Counsel, I asked a preliminary question to the wrong attorney. So let me ask you, is your argument that foreseeability is an exception to the application of the document of equivalence? Your Honor, our argument is on two levels, that on one level there is a possibility that the foreseeability doctrine should be extended to create an exception, and the second level... So you acknowledge that it doesn't apply. You want us to extend the foreseeability exception. That applies in other areas. As it relates to the word exception, Your Honor, I would agree fully that we are talking about an extension. Our argument really is on two levels. One is whether the foreseeability doctrine is an exception to the document of equivalence, and on another level whether it creates an exclusion from the allowable scope of the document of equivalence. As applied using the specific term, vitiation, we would, I think, probably all agree that that's talking about looking at exclusions from the allowable scope of the document of equivalence, whereas the foreseeability extension we talked about... Well, I mean, are you arguing that the district court judge entered a summary judgment and said he understood that you were arguing that if, as you said, if you could show that the equivalent was foreseeable in the art, then DOE cannot apply. That's the way you briefed the issue to him on the summary judgment. He wrote a summary judgment order saying, I disagree with you. He said, I know that some Judge Rader has written some opinions where he loved that doctrine, but the full court has never adopted it, and I'm not going to adopt it, too, so I deny your motion for summary judgment on that ground. Are you appealing that aspect of the summary judgment order? Well, I think that's what Judge Rader has been asking. I think from the way you posed the question, Your Honor, we're not appealing anything. We're responding to the appeal that is based on the stipulation alone. Oh, you are. So you are not challenging the district court's determination that foreseeability as a legal matter vis-a-vis the doctrine of equivalence is wrong. You're accepting for purposes of this appeal what the district court held regarding how foreseeability interacts with the doctrine of equivalence, and you are now only appealing vitiation. You're only here to defend against vitiation. Your Honor, I don't intend to retreat from the way we presented in our brief. I guess I intended to respond to the point of, you know, I'm here to defend the district court's decision. Well, I think that what Judge Rader would like to see you do, and me, too, is explain why the district court got the foreseeability question wrong. I believe that there are two levels to get the foreseeability question right. One is as applied using the court's decisions on vitiation and as a factor of vitiation. Foreseeability has nothing to do with vitiation. So move on to whatever number two is. Your Honor, and if I may return to your question, Judge Gleisinger, the stipulation was intended to memorialize the briefing below, and on that point I agree with Mr. Beyer. The briefing below, though, was... I think we're not seeing eye to eye. I feel like you're blending a bunch of issues together, and what we're hoping that you'll do is flush out the legal issue that was before the district court, which is under what circumstances can foreseeability of an equivalent be a bar to the doctrine of equivalence. I wasn't meaning to cut you off from that argument. I was trying to get you precisely on to that argument, and so I apologize if my curtness made you think you couldn't even go there. That's exactly where I do want you to go. So stay away from vitiation for a minute and go to the heart of why you think that foreseeability as a legal matter ought to automatically exclude things from being deemed equivalent. Absolutely, Your Honor. Unfortunately, it was taking me a couple of steps to get there, so I'll try to do that if I may. There were several briefs below, and in the opening brief the argument was of the essence at A151 the doctrine of equivalence excludes certain structures, that there is a range of equivalence. At A152 we said there is a foreseeability limitation on the doctrine of equivalence. That is, when the alternate structure that's accused is foreseeable, it serves to limit the allowable scope of equivalence. And you think that ought to be the rule, that any time it's foreseeable by one of skill and the art at the time, it ought to be perceived as not available as an equivalent. General rule, really. We're trying to argue two-fold, Your Honor. We're trying to argue, one, as applied the way Sage and Friedman did by looking at the simplicity of the subject matter, the narrowness of the claims, and the foreseeability of the alteration, that with that set of facts, it's excluded from the allowable scope of equivalence, and you cannot find equivalence. Or, alternatively, the foreseeability factor alone, we've argued in the alternative, can be significant enough that it ought to, by extension, exclude operation of the doctrine of equivalence, as it does with disclosed but unclaimed subject matter or means plus function. And you argued that below? We did argue that below. Is that argument consistent with precedent? The argument, the secondary argument, that it's an exception? The argument you just articulated. Is that really what our precedent says? No, Your Honor. To that secondary argument, as I think I tried to answer to your question before, we believe that that would be an extension to not the current state of the law, much as Judge Rader has proposed in some of his concurrences before. So we acknowledge that that form, where the foreseeability factor is the only consideration and serves to operate as an exclusion of the doctrine of equivalence, that form is not current law. We're arguing for that to be an extension to the current law. So would you say that the district court got it wrong then, this second factor here? No, Your Honor. We wouldn't say that the district court got it wrong. We would say that the district court could reach this conclusion in any one of two ways. One, by looking at foreseeability alone, or two, by combining that with the other factors. That's certainly not the way the district court understood it. If you look at the order on summary judgments, this is the part he skipped, that the summary judgment motion present only one legal question concerning the doctrine of equivalence, which is whether the structural modification of the cylinder at the time of the drafting forecloses application of the DOE because the modification was foreseeable. That's the absolute bar. Your Honor, it's unclear to me, you know, we use the word foreclosed in our briefing below many times, and it's unclear to whether... To me, we're just talking it across each other. I think the question that Judge Rayna asked a long time ago, and I don't think he's got an answer yet, is whether or not you think the district court judge erred when he rejected what you call your secondary argument that foreseeability at the time of drafting absolutely forecloses. Now, the district court judge shut you down. He said, I reject that argument. Now, are you contesting his rejection of the secondary argument in front of us today? We are, Your Honor, and we did so in our brief. We believe that the judge should have extended that and did not. But we believe that... Even though there is no square authority to do so. Even though that is not consistent with actual precedent, we were arguing that that should be an extension. Why shouldn't you be held to your stipulation? You stipulated, contrary to what you say in your brief, you stipulated that the accused devices infringe under the doctrine of equivalence. Your Honor, there are two issues there. The parties agree that the accused differential would infringe under the doctrine of equivalence. That's the stipulation. Assuming that the foreseeability issue does not operate to exclude... Exactly. Exactly. Exactly. And so let's... I mean, so if the district court judge said, I'm sorry, the foreseeability does not exclude, then he proceeded to go to a sua sponte. He went to analysis under vitiation. He was not encouraged to do so by the briefs. He just did so. And the argument is that that was impermissible for him to do so because the parties had stipulated away any factual question as to whether or not there could be infringement under the doctrine of equivalence. Factual stipulations are binding. And the only way the district court judge could get to a vitiation conclusion is to disagree with the factual stipulation. So why shouldn't you be bound by the stipulation? A couple of reasons, Your Honor. Assuming that the stipulation is in play, we did not foresee that we were... Assuming the stipulation is in play? ...on appeal as an issue that had been raised below and therefore can be reviewed. The stipulation, we agree with Mr. Beyer, that the stipulation was intended to memorialize what was set forth in the briefing below. And there are many briefs. In the reply brief, it was formulated as the exception. But in the opening and in the opposition briefs that we submitted, we argued the foreseeability in the same manner as Sage and Friedman did, talking about the foreseeability limitation based on simple structures and narrow claim language that excludes certain structures from the region. Well, so what? Your Honor, what I'm saying is... The stipulation is just a fact. It says the accused differential will infringe on the doctrinal equivalence. Assuming, Your Honor, that the particular structure is within the allowable scope of the doctrinal equivalence. And here we return... What? Assuming that the stip assumes that. Well, Your Honor, the wording in the stipulation is not so artful. It says prevent use of the doctrinal equivalence. It's not a legal term of art as to exactly what that means. And we didn't have the opportunity below to argue about... that it would infringe on the doctrinal equivalence. The parties agreed that under the accused differential would infringe under the doctrinal equivalence. If... But there's an if in there, if I may, Your Honor. Not in that sentence, no if. It's a conversely sentence on page A-216 at line 21. Right. The part that I'm referring to is at the bottom of A-260 that says, should the court hold that foreseeability at the time of application does not prevent use of the doctrinal equivalence. That's the prerequisite stage. And so the key issue is what does it mean to say prevent use of the doctrinal... But even at that point, I mean, the precedent is that foreseeability is not an exception. So it's almost like a useless phrase in there. All you're stuck with is that the parties conceded the equivalence. The question, Your Honor, is whether we were talking about... solely about an exception to or an exclusion from. And in one sentence you're talking about... Either way, the precedent doesn't support either one of those. Well, Your Honor, there are a number of cases that talk about... You can argue and you can argue that we should extend it and that there's been some dissents that perhaps favor that. But that wasn't the law at the time. Nor is it the law now, is it? Agreed, Your Honor. So what value does that have, that contingency? So you're left with a stipulation as to equivalence. Your Honor, again, I'm not doing a very good job of explaining myself, but what I'm trying to say is that this language about prevent use of the doctrinal equivalence could have meant two different things. One is the exception to, in which you don't look at it at all. And on that, Your Honor, I fully agree we were talking about an extension to, that it's not the law, but that we argued should extend to it. The other understanding of this prevent use of could talk about whether this particular structure that's accused is within the allowable scope of equivalence. And there you're actually looking at the doctrinal equivalence, analyzing, not as an exception, but trying to figure out whether this accused structure is within the allowable scope, the allowable range of the doctrinal equivalence. And if not, then it prevents use of the doctrinal equivalence to find the treatment. The parties say if the judge makes a decision, right, that doesn't take the DOE off the table, we agree that there's infringement under the DOE. And the difference in... What was the purpose? Why did the language, the parties agree that the accused differential would infringe on doctrinal equivalence, why was that in the document? Why is that in the stip? Perhaps it shouldn't have been. The only reason... What else is stipulated to? This was only a stipulation to, in shorthand, memorialize the briefs and tell the judge... What else is being stipped? Let's go down and see what else the parties agree to. You're, in essence, just saying that those last two sentences don't have any effect. The sole purpose of the stipulation was to inform the court that we agreed that the briefing would resolve all issues and there was no need for a trial date. And we did that by... The briefing would resolve all issues because there had been no showing of infringement under the doctrine of equivalence. Correct. If I may, Your Honor, I'd like to address one other fact. In terms of this admission of equivalence, this issue on foreseeability places the accused infringer between a rock and a hard place. As soon as we say the accused structure is foreseeable, according to the case law as well, we're saying that the accused structure would have been foreseen by a person of ordinary skill in the art as being interchangeable with the wording of the claim structure. I mean, you could have brought your summary judgment, right, of saying, well, there can't be an infringement here because the equivalent was known. You could have brought that summary judgment motion on the ground, you know, hoping that Judge Rader's theory would be adopted by the court, realize it's a reach. You could have done that without ever making any concession, right? So the lines of 23 and 24, you didn't have to have them in there. There was no need for a concession. In order for you to mount your argument on summary judgment that you should win, as you say now, on two grounds, either foreseeability is an element or it's an absolute defense. I can see that my time is exhausted. You didn't need to say anything about conceding anything, right? May I answer your question? Your Honor, we believe that when advancing the argument for seeability, you are inherently saying that this accused structure is equivalent to the claim structure. It's inescapable. A person of ordinary skill in the art would foresee that it's equivalent, and according to cases cited by Mr. Byer and ARB in their response brief, that's a well-known factor in establishing equivalence. So in saying that it is foreseeable, you are saying that it is, in fact, equivalent. But then you have to say in the next breath, but nevertheless it's outside the allowable scope of equivalence. And that's part of the articulation, why there was an acknowledgment that in one sense it is equivalent, but in another sense it's outside the allowable scope of what can be equivalent under the doctrine of equivalence. And it's outside the scope because of the foreseeability of the equivalent. Correct, Your Honor, as applied to simple technology and narrow claims. If there's nothing further, Your Honor, I see that my time has stopped. Well, I'm not quite sure where to go. My understanding is that Randy is no longer arguing that the court should have applied the foreseeability exception, and I thought I heard him say that he understands it's not consistent with precedent, so I'm not going to go there. In terms of... Well, we have the point on the briefs anyhow. That's correct. I heard him the other way. Maybe it's because my hearing aids don't work, but I heard him to say he still is standing on the ground that foreseeability alone ought to be an absolute answer to infringement on equivalence. I haven't heard him make any arguments that need reply. In terms of the panel's questions on why did the parties stipulate the way that they did, the parties looked at the briefing and exchanged factual stipulations. As the stipulation concedes on my client's part, we agreed that the accused alternative would have been equivalent as a matter of fact. Is there anything in their summary judgment briefing that indicates... What is the best evidence, you think, in their summary judgment briefing that further validates that the stipulation really means what you say it means as opposed to what they say it means? Because I seem to remember that you started with wanting to talk about the summary judgment briefing in addition to the stipulation. Right. I have a string site for it somewhere. It collects all of the places throughout the cross-briefing on summary judgment where they repeatedly agreed that the accused product was... Equivalent. ...equivalent. Our experts put in a report explaining equivalence. Rather than dispute it because they had no accounts to report, they embraced it. And what they attempted to do was latch on to one part of our expert report that argued interchangeability is a factor in favor of finding equivalence. They latched on to that argument and went all in on it. And through the later stages of their briefing, over and over and over again, said, yes, it is equivalent. However, their expert concedes it's foreseeable. And we read Judge Rader's opinions as creating a foreseeability bar. And they went all in on the legal arguments that foreseeability forecloses application of the doctrine of equivalence. So the reason they went all in is because otherwise they would have had to have taken inconsistent positions. They would have had to have said, it's foreseeable, but somehow that means it's not somehow equivalent. And so that's what you think that they really thought the universe was limited to, foreseeability, for that reason, that that's what motivated them to accept the stipulation and not dispute anything else? I think that's right. The lack of an expert report on their behalf, there was no evidence to suggest that design was not equivalent. But what they did have was our expert's argument that there was no interchangeability. Our expert made this argument in the context of supporting the finding of equivalence. And so they latched on to that and went with the foreseeability exception. And I suspect that one place to look for the citation to good examples of the underlying summary judgment briefing and admitting equivalence is in our response to the court's request for supplemental briefing. There we did not, unfortunately, cite to the stipulation, but we did make the identical argument that we're making today, that due to the concessions in the underlying briefing, there is no room to apply claim vitiation to prevent application of the doctrine of equivalence because doing so would treat claim vitiation as a legal exception to the actual conclusion that there was equivalence. Is there anything further you'd like to cover? There's no further questions. I thank both counsel for their argument. The case is taken under submission.